# CASES

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—APRIL TERM, 1900.

## The City of Waukegan v. John M. Foote, Treasurer, etc.

1. STATUTES—*When Susceptible of Two Constructions.*—When two constructions can be placed upon a statute, one of which would be in violation of the constitution and the other not, the latter construction must be adopted.

2. SAME—*Construction of Section 21 of Chapter 53, R. S.—Fees and Salaries.*—That portion of section 21 of chapter 53, R. S., entitled "Fees and Salaries," providing that the county collector shall be allowed a commission of one per cent on all moneys collected for incorporated cities, villages and other municipalities, etc., applies to counties of the third class only.

Mandamus.—Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

FRANK C. ROGERS, attorney for appellant.

COON & ORVIS, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court. This was a proceeding by mandamus on the part of appellant against appellee, who was treasurer and county collector of Lake county, to compel him to pay over to the city two-thirds of the commissions retained by him as such

collector, on taxes collected for the municipality for the year 1898. On the taxes and special assessments collected by him for the city that year, appellee retained a commission of three per cent, while appellant claims and insists he was only entitled to a commission of one per cent. The object of this proceeding was to compel him to pay over to the city the difference in dispute. Appellee demurred to the petition; the court sustained the demurrer and gave judgment thereon against appellant, and it appeals to this court.

It is admitted on both sides that the only question for us to determine is as to the true construction to be placed upon Sec. 21 of Chap. 73 of the Revised Statutes, entitled, " Fees and Salaries." The portion of the section in controversy reads as follows:

· " Sec. 21. County collectors shall be allowed a commission on all money collected by them and paid over to the proper officer, of three (3) per cent in counties of the first class; of two (2) per cent in counties of the second class; of one and one-half (1½) per cent in counties of the third class, excepting on all moneys said county collectors collect for incorporated cities, villages and other municipalities in counties under township organization, upon which said county collectors shall be allowed a commission of one (1) per cent on all moneys collected by them for such cities and paid over by them to the proper officer, and excepting further, in counties having adopted township organization, county collectors shall be allowed on moneys paid over to them by township collectors, as commissions on such moneys, in counties of first class only one and one-half (1½) per cent; in counties of second class only one (1) per cent, and in counties of third class only three-fourths (¾) of one per cent."

The question is whether the words beginning "excepting on all moneys said county collectors collect for incorporated cities," etc., "a commission of one per cent," etc., apply only to counties of the third class or equally to counties of the first and second class. It must be conceded that the punctuation and natural reading of the clause favors the position of appellee that the exception only applies to counties of the third class, such counties being the ones mentioned immediately preceding the exception and separated

from the first and second class counties by semi-colons. It is true the punctuation would readily yield to a different construction, if such were the manifest sense of the words used; but we discover nothing in the section, taken as a whole, which requires us to disregard the punctuation and give to the words used a different meaning from that which would naturally be placed thereon.

Besides, if the construction insisted upon by appellant be placed upon the section, a constitutional objection would be raised which might nullify it entirely. Counties of the first and second class include those which are, as well as those which are not, under township organization. The words we have quoted which reduce the fee of the county collector to one per cent, applies only to counties under township organization. If that provision be applied to collectors in counties of the first and second classes, then in counties of either of said classes, the collector in a county under township organization would get but one per cent of municipal taxes, while the collector of a county of the same class not under township organization would get three per cent upon municipal taxes collected by him. To give this construction to the section would make it clearly unconstitutional under Sec. 20 of Art. 12 of the Constitution. When two constructions can be placed upon a statute, one of which would be a violation of the constitution and the other would not, the latter construction must always be adopted.

We are of opinion, therefore, that the court below properly construed the words in question in holding them only to apply to counties of the third class, that is, to Cook county. Lake county being a county of the first class the exception did not apply to the collector of that county and appellee was not liable to refund any part of the three per cent commissions retained by him.

The judgment will be affirmed.